**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Edward Scott Pohto, | ) | |
| | ) | C.A. No. 6:10-cv-02654-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Allstate Insurance Company, Deborah Lynn Boggs, and the Stacie Orr Agency, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This case concerns a dispute regarding a motorcycle insurance policy plaintiff Edward Scott Pohto ("Pohto") purchased from defendant Allstate Insurance Company ("Allstate") through its authorized agent, defendant Stacie Orr Agency ("Orr"). After Pohto suffered injuries in an accident, defendant Deborah Lynn Boggs ("Boggs," collectively with Allstate and Orr, "Defendants") adjusted Pohto's claim for Allstate. Currently before the court is Pohto's Motion to Remand [Doc. 8] under 28 U.S.C. § 1447.

**FACTUAL AND PROCEDURAL BACKGROUND**

Pohto purchased a motorcycle insurance policy (the "Policy") from Allstate through Orr that was in effect on May 12, 2009, when he was involved in a serious accident. The driver of the vehicle that caused the accident left the scene immediately. The Policy included uninsured and underinsured motorist coverage which obligated Allstate to pay any claims resulting from an accident with a hit-and-run driver or a driver with no automobile insurance or insufficient insurance as long as Pohto was not at fault for the accident. As a result of the accident, Pohto suffered severe injuries and submitted a claim to Allstate. Allstate assigned Boggs to adjust the

1

claim. Pohto filed this action after Allstate declined to pay the full policy limit, presumably as a result of Boggs' findings. Pohto alleges, *inter alia*, that Allstate and Boggs acted in bad faith and/or negligently in the handling of his claim, and Orr made material misrepresentations to him in order to induce him to buy the policy.

Pohto moves to remand this case to South Carolina state court pursuant to 28 U.S.C. § 1447 on the grounds that this court lacks subject matter jurisdiction because plaintiff Pohto and defendants Boggs and Orr are residents of South Carolina.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. The party invoking federal jurisdiction has the burden of proving the jurisdictional requirements for diversity jurisdiction. *See Strawn v. AT&T Mobility LLC*, 530 F.3d 293, 298 (4th Cir. 2008) (holding that in removing case based on diversity jurisdiction, party invoking federal jurisdiction must allege same in notice of removal and, when challenged, demonstrate basis for jurisdiction). Federal courts may exercise original diversity jurisdiction only if no plaintiff and no defendant are citizens of the same state. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388, 118 S. Ct. 2047, 2052 (1998). Because federal courts are forums of limited jurisdiction, any doubt as to whether a case belongs in federal or state court should be resolved in favor of state court. *See Auto Ins. Agency, Inc. v. Interstate Agency, Inc.*, 525 F. Supp. 1104, 1106 (D.S.C. 1981) (citing *Penn Sec. Co. v. Home Indem. Co.*, 418 F. Supp. 292, 294 (M.D. Pa. 1976); *Anderson v. Union Pac. Coal Co.*, 332 F. Supp. 605, 608 (D. Wyo. 1971)).

"Joinder designed solely to deprive federal courts of jurisdiction is fraudulent and will not prevent removal." *Anderson v. Home Ins. Co.*, 724 F.2d 82, 84 (8th Cir. 1983) (citing *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979)). The party seeking removal based on alleged fraudulent joinder by the non-moving party must prove "that there is *no possibility* that the plaintiff would be able to establish a cause of action against the in-state defendant in state court; or [t]hat there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Mayes v. Rapoport*, 198 F.3d 457, 464 (4th Cir. 1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)) (alterations in original).

## DISCUSSION

Pohto requests the court to remand this case to state court because there is not complete diversity among the parties and the court lacks subject matter jurisdiction. Defendants, however, argue that Boggs and Orr were fraudulently joined simply to defeat federal jurisdiction. They ask this court to deny Pohto's motion because they contend he cannot possibly establish any claim against either Boggs or Orr, and therefore the only legitimate defendant in the case is Allstate, a foreign corporation. They do not argue that Pohto committed any outright fraud by joining either Boggs or Orr.

Based on the record and the arguments of the parties, the court finds Pohto could possibly establish a cause of action against Boggs for acting in bad faith and/or negligence. The court also finds Pohto could possibly sustain a cause of action against Orr for making misrepresentations to him about the policy. Accordingly, this court lacks subject matter jurisdiction over this case, and Pohto's motion to remand is granted.

Pohto correctly states that under South Carolina law, a plaintiff who shows an insurer acted in bad faith in settling a claim may recover damages in tort. *See Nichols v. State Farm Mut. Auto. Ins. Co.*, 279 S.C. 336, 340, 306 S.E.2d 616, 619 (1983). He also asserts that a company's employees may be held individually liable for their torts even when those torts are committed within the scope of their employment. Again, South Carolina law generally supports Pohto's proposition. *See* 23 S.C. JUR. *Agency* § 80 (2011) ("Where one acting as agent for another, within the scope of his agency, commits a tort, both the principal and the agent are joint tortfeasors in his action; and the injured party is not obliged to join both joint tortfeasors in his action, but he may sue either singly.")

While no South Carolina court has addressed whether an insurance adjuster may be held personally liable for the bad faith or similar torts committed within the scope of the adjuster's employment, state courts have held employees in other kinds of businesses liable for torts committed within the scope of employment. *See Long v. Norris & Assocs.*, 342 S.C. 561, 538 S.E.2d 5 (Ct. App. 2000) (explaining an employee who wrongfully repossessed the plaintiff's car may be held personally liable because each person is responsible for his own tortious acts regardless of whether he was acting in a representative capacity); *Gilbert v. Mid-South Mach. Co.*, 267 S.C. 211, 221, 227 S.E.2d 189, 193 (1976) (quoting *Lawlor v. Scheper*, 232 S.C. 94, 101 S.E.2d 269 (1957) in holding, "An agent's liability for his own tortious acts is unaffected by the fact that he acted in his representative capacity.") Furthermore, other states have either rejected fraudulent joinder challenges against plaintiffs who sue an adjuster personally in bad faith actions or have held claims adjusters personally liable for acting in bad faith. *See Wiseman v. Universal Underwriters Ins. Co.*, 412 F. Supp. 2d 801 (S.D. Ohio 2005) (holding plaintiff had

4

not fraudulently joined insurance adjuster in bad faith action because the adjuster could possibly be held liable); *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 41 Tex. Sup. Ct. J. 637 (1998) (explaining any insurance company employee whose job involves the "sale or servicing" of policies may be personally liable for tortious conduct); *O'Fallon v. Farmers Ins. Exch.*, 859 P.2d 1008, 260 Mont. 233 (1993) (holding adjuster could be personally liable for bad faith adjusting of plaintiffs' claim).

Allstate argues that Boggs' duty to Pohto arises solely from a contract to which Boggs is not a party — the insurance agreement between Allstate and Pohto — and therefore Pohto cannot maintain a cause of action against Boggs. The court is not persuaded that this forecloses the possibility that Boggs could be held liable for adjusting Pohto's claims in bad faith in light of the aforementioned law from South Carolina and other states.

Allstate further argues that Boggs cannot possibly be personally liable because she was clearly acting as Allstate's agent at the time she adjusted Pohto's claims, and *respondeat superior* dictates that Allstate alone would be held liable for her tortious conduct. However, Allstate cites no law to support this conclusion. Given the desire expressed by courts in South Carolina and other states to hold employees individually liable for torts they commit within the scope of their employment, the court believes Boggs could possibly be held liable if Pohto could show she adjusted his claims in bad faith.

For the same reasons, the court finds Defendants have failed to show that Pohto could not possibly state a cause of action against Orr. Defendants merely offer conclusory assertions that because Orr procured the policy it promised Pohto, no misrepresentations were made, either

knowingly or negligently. Pohto claims, *inter alia*, that an Orr employee made misrepresentations, either knowingly or negligently, about Allstate's claims practices, not simply the fact that Pohto's policy contained Uninsured Motorist coverage. The court is not persuaded that Pohto could not possibly maintain a cause of action against Orr, and accordingly, Pohto's motion to remand is granted.

## CONCLUSION

For the foregoing reasons, the court **GRANTS** Plaintiff's Motion to Remand [Doc. 8], and this action is hereby **REMANDED** to the Court of Common Pleas in Greenville County, South Carolina for further proceedings.

**IT IS SO ORDERED.**

s/ J. Michelle Childs
United States District Judge

July 7, 2011

Greenville, SC